UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| ROBERTO RUIZ-MARIN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CR. NO. 09-102 WBS<br>CIV. NO. 13-297 WBS<br><br>MEMORANDUM AND ORDER RE: <u>PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255</u> |

----oo0oo----

A jury convicted petitioner Roberto Ruiz-Marin of multiple drug distribution charges and this court sentenced him to a term of 151 months confinement. Petitioner now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1.)

Section 2255 provides that a prisoner "in custody under sentence of a court established by an Act of Congress" may move the court that imposed his sentence to vacate, set aside, or correct the sentence on the grounds that "the sentence was

1

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  To prevail on a § 2255 motion, a petitioner must allege facts that, if true, would entitle him to relief. United States v. Rodrigues, 354 F.3d 818, 824 (9th Cir. 2003).  A court must grant an evidentiary hearing on a petitioner's § 2255 motion "[u]nless the motion and the files and records of the case show conclusively that the prisoner is entitled to no relief." United States v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000) (quoting § 2255).  The court may accordingly deny a petitioner's § 2255 motion without a hearing if his allegations "do not state a claim for relief or are so palpably incredible or so patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).

Petitioner seeks relief from his sentence on two separate grounds: (1) that the court miscalculated the amount of drugs attributable to him; and (2) that he received ineffective assistance of counsel in violation of the Sixth Amendment.

I.  Miscalculation of Drug Amounts

In general, federal prisoners may not use a § 2255 proceeding to relitigate a claim that has been decided on direct appeal.  United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999); Withrow v. Williams, 507 U.S. 680, 720-21 (1993) (Thomas, J., concurring in part).  This relitigation bar may be overridden only in exceptional circumstances, such as an intervening change in the law.  Davis v. United States, 417 U.S. 333, 341-42 (1974).

Petitioner's first basis for habeas relief is that the court incorrectly calculated the quantity of methamphetamine that he conspired to distribute. (Pet. at 5 (Docket No. 1).) Petitioner unsuccessfully raised this argument on direct appeal, see United States v. Ruiz-Marin, 492 Fed. App'x 770, 771 (9th Cir. 2012), and identifies no exceptional circumstances that would permit relitigation of this issue. Accordingly, the court's calculation of drug quantity does not provide a basis for granting petitioner relief.

## II. Ineffective Assistance of Counsel

Although a petitioner is ordinarily required to raise his or her claims on direct review before seeking habeas relief under § 2255, the Supreme Court has recognized that "an ineffective assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2000). Ineffective assistance of counsel claims are governed by the framework set forth in Strickland v. Washington, which requires petitioner to show that his counsel's performance "fell below an objective standard of reasonableness" as measured by "prevailing professional norms" and that counsel's deficient performance prejudiced him. 466 U.S. 688, 694 (1984). The Supreme Court has characterized the reasonableness inquiry as "highly deferential," id., and has recognized a "strong presumption that counsel's performance falls within the wide range of professional assistance." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). Even if petitioner can show that counsel's performance was objectively deficient, he can

3

prevail on his ineffective assistance claim only if he can show prejudice – in other words, that it is "'reasonably likely' the result would have been different" but for the ineffective assistance of counsel. Harrington v. Richter, --- U.S. ----, 131 S.Ct. 770, 792 (2011) (quoting Strickland, 466 U.S. at 696).

Here, petitioner claims he received ineffective assistance of counsel at trial because his attorney, Paul R. Taber: (1) failed to argue that the government had withheld a "surprise witness" in violation of Brady v. Maryland, 373 U.S. 83 (1963) (Pet. at 6); (2) failed to secure an interpreter at trial (id. at 8); and (3) stipulated to the identity, quantity, and schedule of the government's drug exhibits at trial, (id. at 9). In addition, petitioner claims that he received ineffective assistance of counsel on appeal because his appellate counsel, James K. Ball, failed to argue that Taber's performance at trial was ineffective.[1] (Id. at 6, 9.)

A. Failure to Identify a Brady Violation

Petitioner claims that Taber provided ineffective assistance of counsel because he failed to argue that the government had violated Brady by withholding testimony from a "surprise witness." (Id. at 6.) "To establish a Brady violation, a defendant must show that: (1) the evidence at issue

---

[1] Petitioner also argues in his reply brief that he received ineffective assistance of appellate counsel because Ball failed to file a motion for reconsideration after the Ninth Circuit denied his appeal. (Reply at 7-8. (Docket No. 12).) Because petitioner failed to raise this argument in his § 2255 petition, the court considers it waived. See Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived." (citation omitted)).

4

is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the government, regardless of whether the suppression was willful or inadvertent; and (3) the evidence is material to the guilt or innocence of the defendant." United States v. Sedaghaty, 728 F.3d 885, 899 (9th Cir. 2013) (citing Brady, 373 U.S. at 87).

Petitioner's claim that Taber failed to identify a Brady violation does not constitute ineffective assistance of counsel because the record contains no facts showing that the government violated Brady. Taber represents that he was aware that one of petitioner's co-conspirators would testify at trial, that he informed petitioner that he would do so, and that he informed petitioner of his strategy for impeaching this witness at trial. (Taber Aff. at 1-2 (Docket No. 9-8).) Taber was not surprised by the witness's testimony, (id.), and told Ball that he believed there was no viable Brady claim on which petitioner could base his appeal. (See Ball Aff. at ¶ 5 (Docket No. 9-9) ("My review of the case did not reveal any Brady issues . . . I visited with trial counsel about the case and he did not indicate that he thought there were any issues in this regard.").)

Petitioner contends that even if Taber knew that this witness would testify, he was nonetheless unaware that the witness would change his testimony until four days before the trial began. Whether or not this witness changed his testimony shortly before trial, petitioner does not allege any "government action to throw the defendant off the path of the alleged Brady information." United States v. Bond, 552 F.3d 1092, 1096 (9th Cir. 2009). Nor has petitioner demonstrated that Taber was

5

unaware of the substance of the witness's testimony at trial. See United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991) (noting that where a "defendant has enough information to be able to ascertain the supposed Brady material on his own, there is no suppression"). Indeed, petitioner concedes that Taber was able to highlight the differences between the witness's trial testimony and his prior statements to government agents and argue that those differences undermined his credibility. (Reply at 6.)

In short, petitioner has not alleged that the government failed to disclose witness testimony or any other Brady material, that he was prejudiced by any such nondisclosure, or that Taber provided ineffective assistance of counsel by failing to identify this purported Brady violation. Accordingly, Taber's failure to pursue a Brady claim provides no basis for granting petitioner relief.

### B. Failure to Secure an Interpreter

Petitioner claims that Taber provided ineffective assistance of counsel because he failed to secure an interpreter, which petitioner required because he is a Mexican national who "does not fully understand the various interpretations or applications of the [E]nglish language." (Pet. at 8.) However, a defendant is not entitled to an interpreter when he "waive[s] his right to an interpreter by not taking advantage of the interpreter's services." United States v. Si, 333 F.3d 1041, 1044-45 (9th Cir. 2003). As the Ninth Circuit noted on direct appeal, petitioner "waived his right to an interpreter at the six earlier proceedings before the court — including the jury trial at which Ruiz testified without an interpreter." Ruiz-Marin, 492

Fed. App'x at 772. Because petitioner expressly waived his right to an interpreter at trial,[2] his assertion that Taber's failure to secure an interpreter constituted ineffective assistance of counsel is unavailing.

Nor did petitioner indicate to Taber that he required an interpreter. Taber represents that he "do[es] not recall [petitioner] ever mentioning that he was having trouble understanding the English [l]anguage before or during the trial," and that "[a]t no time before the trial did [petitioner] appear to me not to understand what I was saying to him." (Taber Aff. at 2.) Despite petitioner's professed difficulties with the English language, there is no evidence that the need for an interpreter "should have been obvious to competent counsel in this situation." Gonzalez v. United States, 33 F.3d 1047, 1051 (9th Cir. 1994). Accordingly, Taber's failure to secure an interpreter provides no basis for granting petitioner relief.

C.  Stipulation to Drug Quantity

Petitioner claims that Taber provided ineffective assistance of counsel because he stipulated to the quantity of drugs in thirty-two of the government's exhibits at trial. (Pet. at 9.) Contrary to petitioner's claim that the stipulation attributed the drugs to him because he was the only defendant on trial, the stipulation plainly related only to the weight, identity, and schedule of the government's drug exhibits at trial. (See Trial Stipulation (Docket No. 9-5).) Taber states

---

[2] When petitioner made his initial appearance, the court asked him: "do you need the services of an interpreter?" Petitioner responded "[n]o, ma'am." (Docket No. 9-1.)

that he so stipulated because he was convinced that the
government would be able to prove the weight and identity of each
substance and because he felt that the stipulation would not
weaken petitioner's defense – that he was not present for or
aware of the actions of his alleged co-conspirators. (Taber Aff.
at 3.)

        Taber's choice to "focus[] on some issues to the
exclusion of others" is "strongly presum[ed]" to be a reasonable
tactical choice, rather than evidence of ineffective assistance
of counsel. Yarborough v. Gentry, 540 U.S. 1, 5 (2003). For
instance, an attorney who stipulated that his client possessed
over seventy-five pounds of marijuana did not provide ineffective
assistance of counsel when he did so in order to focus on his
claim that the defendant did not know the marijuana was in his
car. Gibson v. Shepard, 246 Fed. App'x 431, 433 (9th Cir. 2007).
Likewise, an attorney who stipulated to the admissibility of
checks and financial records introduced by the prosecution did
not provide ineffective assistance when he "vigorously contested"
the government's evidence of other elements of its case, such as
the defendant's mental state. Allerdice v. Ryan, 395 Fed. App'x
449, 452 (9th Cir. 2010). Here, Taber characterizes his decision
to execute this stipulation as a "tactical choice" that he made
in order to focus the defense on the claim that petitioner was
not part of a conspiracy to distribute these drugs. (Taber Aff.
at 3.) Accordingly, Taber's stipulation to the government's drug
exhibits is not a basis for granting petitioner relief.

    D.    <u>Failure to Argue Ineffective Assistance of Counsel</u>

        Petitioner claims that Ball provided ineffective

assistance on direct appeal because he failed to argue that Taber had provided ineffective assistance of counsel. (Pet. at 6, 9.) Because petitioner has not shown that he received ineffective assistance of counsel at trial, this claim cannot provide a basis for habeas relief. Even if Taber's performance at trial were deficient, Ball's failure to raise this issue on appeal would not constitute ineffective assistance of counsel because "[c]laims of ineffective assistance of counsel are generally inappropriate on direct appeal." United States v. Ross, 206 F.3d 896, 900 (9th Cir. 2000) (citation omitted). Accordingly, Ball's failure to argue that Taber provided ineffective assistance of counsel provides no basis for granting petitioner relief.

IT IS THEREFORE ORDERED that petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 be, and the same hereby is, DENIED.

Dated: December 18, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE